## Case No. 7,206c.

### JANES v. MAY.

[Hempst. 288.] [1]

Superior Court, Territory of Arkansas. July, 1835.

Before JOHNSON and YELL, JJ.

YELL, Judge. This was an action of assumpsit upon promises by [Morris] May against [Massack H.] Janes, in the Lafayette circuit court. At the October term of that court, 1832, the plaintiff recovered a judgment against Janes for the sum of eighty-four dollars, besides costs. Upon this judgment, execution issued, and a supersedeas was granted, and on the 4th November, 1833, a writ of error was sued out returnable to the January term of the superior court, and on the 15th of July is indorsed filed by the clerk.

The only question in the cause which the court is now disposed to consider is, did the writ of error abate, by one term of the superior court intervening between the issuing of the writ of error and the filing of the record. This court is clearly of opinion that the cause should have been returned to the January term of the superior court, 1834; that it is in the nature of an original writ, and must be returned to the next term after it has been issued. The failure to return to the proper term cannot be cured by an amendment, there being no clerical error or error in fact to amend, as the writ bears date when issued, and when filed in the office. According to the decision of the supreme court of the United States in the case of Hamilton v. Moore, 1 Pet. Cond. 168, 3 Dall. [3 U. S.] 371, the plaintiff in the writ of error must be non-prossed. Ordered accordingly.